UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kathy M. Avery,

    Plaintiff,                                      Case No. 11-cv-13111

v.                                          Sean F. Cox
                                            United States District Judge

Summit Health, Inc.,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOCKET ENTRY NO. 75]

Before the Court is Plaintiff Kathy Avery's ("Avery") Motion for Reconsideration [Docket Entry No. 75]. In her motion, Avery requests that this Court reconsider its Opinion and Order Granting Defendant Summit Health's Motion for Partial Summary Judgment ("the Opinion and Order") [Docket Entry No. 73]. The Opinion and Order dismissed Avery's sex discrimination claims, constructive discharge claims, aiding and abetting discrimination claim, attempted discrimination claim, and Michigan public policy claim that she advanced against her former employer, Defendant Summit Health, Inc. ("Summit Health"). For the reasons that follow, the Court shall **DENY** Avery's Motion for Reconsideration [Docket Entry No. 75].

### BACKGROUND

On July 19, 2011, Avery filed a multi-count Complaint against Summit Health, alleging: (1) age discrimination in violation of the Elliott-Larson Civil Rights Act ("ELCRA"); (2) sex discrimination in violation of the ELCRA; (3) aiding and abetting age and sex discrimination in

1

violation of the ELCRA; (4) attempted discrimination in violation of the ELCRA; (5) age discrimination in violation of the Age Discrimination in Employment Act; (6) sex discrimination in violation of Title VII of the Civil Rights Act; and (7) wrongful termination/retaliation in violation of Michigan public policy. (Docket Entry No. 1.)

On June 22, 2012, Summit Health filed Defendant, Summit Health, Inc.'s Motion for Partial Summary Judgment. (Docket Entry No. 32.)

On March 7, 2013, this Court held a motion hearing to address Summit Health's motion. At that hearing, Avery informed the Court that her Complaint advances the following adverse employment actions: (1) constructive discharge, (2) denial of training, (3) denial of promotion, (4) denial of pay, and (5) denial of administrative and IT support. (Docket Entry No. 73, at 10.) Thereafter, with regard to Avery's age and sex discrimination claims, Summit Health informed the Court that its motion does not challenge whether Avery was denied training, promotion, pay, and administrative and IT support. However, with regard to her age and sex discrimination claims, Summit Health's Motion does challenge whether Avery was subjected to a constructive discharge.

On March 26, 2013, the Court granted Defendant Summit Health's Motion for Partial Summary Judgment and dismissed Counts 2, 3, 4, 6, and 7. (Docket Entry No. 73, at 24–25.) In the Opinion and Order, the Court also dismissed Avery's constructive discharge claims in Counts 1 and 5. (*Id.* at 25.) As a result, the only claims that remain in this action are whether Avery was denied training, promotion, pay, and administrative and IT support in Counts 1 and 5. (*Id.*)

## STANDARD OF REVIEW

Local Rule 7.1(h)(3) states:

> **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues

>ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Rule 7.1(h)(3).

## ANALYSIS

Avery alleges a palpable defect occurred when this Court (1) dismissed her aiding and abetting and attempted discrimination claims in Counts 3 and 4, respectively; (2) engaged in impermissible or flawed fact finding;[1] and (3) failed to consider Avery's alleged "direct evidence" of her constructive discharge or treated this matter as a circumstantial evidence case.

**A.     The Dismissal of Counts 3 and 4.**

Avery alleges a palpable defect occurred when this Court dismissed Counts 3 and 4. (Docket Entry No. 75, at 5–11.) Avery relies on many of the same arguments that she presented in her response, as well as the arguments that she presented to the Court at the March 7, 2013, motion hearing. Avery also offers several new cases, which should have been previously presented to this Court in her response. Likewise, Avery was given the opportunity to present these cases when the Court inquired into the statutory and legal bases of Counts 3 and 4 at the March 7, 2013, motion hearing. Regardless, in her motion for reconsideration, Avery offers no convincing argument or authority suggesting that a palpable defect occurred when this Court dismissed Counts 3 and 4.

**B.     Impermissible or Flawed Fact Finding.**

In her motion for reconsideration, Avery offers factual material that the Court has already considered as a *whole* in relation to all the evidence presented by the parties. Specifically, this Court

---

[1] The Court grouped the arguments found in pages 12 to 23 of Docket Entry No. 75 into the "Impermissible or Flawed Fact Finding" section of this Opinion and Order.

considered all the arguments in the parties briefs, the lengthy deposition testimony presented by the parties, as well as the other documents in their respective briefs. The facts and cases that Avery presents in her Motion for Reconsideration [Docket Entry No. 75, at 12–23] do not change the outcome of this matter for the reasons mentioned in the Opinion and Order.

### C. Direct Evidence of Discrimination.

The Court engaged in the *McDonnell Douglas* analysis because Avery alleges constructive discharge and relies on circumstantial evidence to support her claims to establish her employer's intent. The Court believes that *McDonnell Douglas* is applicable to Avery's constructive discharge claims. Regardless, this Court has already considered Avery's alleged "direct evidence" of her constructive discharge when this Court issued the Opinion and Order [Docket Entry No. 73].

## CONCLUSION AND ORDER

**IT IS ORDERED** that Avery's Motion for Reconsideration [Docket Entry No. 75] is **DENIED**.

**IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: April 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy  
Case Manager