**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kathy M. Avery,

    Plaintiff,                                 Case No. 11-cv-13111

v.                                           Sean F. Cox
                                                 United States District Judge

Summit Health, Inc.,

    Defendant.
_____/

**OPINION AND ORDER**
**DENYING MOTION TO EXERCISE PENDENT JURISDICTION AND PERMIT AMENDMENT [DOCKET ENTRY NO. 77]**

On July 19, 2011, Plaintiff Kathy Avery ("Avery") filed this instant action against her former employer, Defendant Summit Health ("Summit Health"), alleging: (1) age discrimination in violation of the Elliott-Larson Civil Rights Act ("ELCRA"); (2) sex discrimination in violation of the ELCRA; (3) aiding and abetting age and sex discrimination in violation of the ELCRA; (4) attempted discrimination in violation of the ELCRA; (5) age discrimination in violation of the Age Discrimination in Employment Act; (6) sex discrimination in violation of Title VII of the Civil Rights Act; and (7) wrongful termination/retaliation in violation of Michigan public policy. (Docket Entry No. 1.)

In the 2nd Scheduling Order, the Court ordered that discovery shall be completed by May 25, 2012, and that the motion cut-off date shall be June 22, 2012. (Docket Entry No. 16.)

On June 22, 2012, Summit Health filed Defendant, Summit Health, Inc.'s Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment"). (Docket Entry No. 32.)

1

On March 7, 2013, this Court held a motion hearing to address Summit Health's Motion for Partial Summary Judgment. At that hearing, Avery informed the Court that her Complaint advances the following adverse employment actions: (1) constructive discharge, (2) denial of promotion, (3) denial of pay, (4) denial of training, and (5) denial of administrative and IT support. (Docket Entry No. 73, at 10.) Thereafter, with regard to Avery's age and sex discrimination claims, Summit Health informed the Court that its motion does not challenge whether Avery was denied training, promotion, pay, and administrative and IT support. (*Id.*) However, with regard to her age and sex discrimination claims, Summit Health's motion does challenge whether Avery was subjected to a constructive discharge. (*Id.*)

On March 26, 2013, this Court filed its Opinion and Order Granting Defendant Summit Health's Motion for Partial Summary Judgment. (*Id.* at 1.) In that order, the Court dismissed Counts 2, 3, 4, 6 and 7 in Avery's Complaint, as well as Avery's constructive discharge claims. (*Id.* at 25.) As a result, the only claims that remain in this action are whether Avery was denied training, promotion, pay, and administrative and IT support in Counts 1 and 5. (*Id.*)

The Final Pretrial Conference is set for May 14, 2013, and this matter is listed on the Trailing Trial Docket for the months of May/June 2013.

On April 11, 2013, Avery filed her Motion to Exercise Pendent Jurisdiction and Permit Amendment. (Docket Entry No. 77.) In her motion, Avery requests that the Court permit her to amend her Complaint to add Richard Penington as a Defendant as to Counts 3 and 4 in this action. (*Id.* at 1–2.)

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2),

U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided on the briefs.

Sixteen days after the Court dismissed Counts 3 and 4, Avery filed her motion.  In addition, Avery's motion was filed nearly 1 year and 9 months after she filed her original complaint.  Likewise, the discovery completion date and the motion cut-off date have since expired.  The Final Pretrial Conference is set for May 14, 2013, and this matter is listed on the Trailing Trial Docket for the months of May/June 2013.  Based on the aforementioned facts, as well as the arguments advanced in Defendant's Response to Plaintiff's Motion to Exercise Pendent Jurisdiction and Permit Amendment [Docket Entry No. 79], Avery's motion was brought with considerable delay.  Likewise, the Court is concerned with the resulting prejudice that granting Avery's motion will have on Summit Health and Richard Penington, in particular.  Furthermore, the Court has considered the *questionable timing* of Avery's motion as outlined above in this paragraph and the impact that prolonging the resolution of these claims will have on this matter, which is set to go to trial soon.

Accordingly, **IT IS ORDERED** that Avery's Motion to Exercise Pendent Jurisdiction and Permit Amendment [Docket Entry No. 77] is **DENIED**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 1, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager